UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JTH TAX, INC., <br> d/b/a LIBERTY TAX SERVICE, <br><br> Plaintiff, <br><br> v. <br><br> CALLAHAN, JOHN, <br><br> Defendant. | Case No. 2:12cv691 |

### **MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendant, John Callahan, ("Defendant") hereby moves for an order setting aside the Entry of Default entered by the clerk in this matter. Defendant also requests that such order provide that Defendant shall have twenty-one (21) days from entry of such order to file and serve any responsive pleadings he deems necessary to the Complaint and to the Motion for Preliminary Injunction. This motion is based on the following:

The complaint in this action (Doc. #1) was filed on December 19, 2012, by JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty"), a franchisor of tax preparation centers, against Defendant, its former franchisee. Subsequent to the filing of the complaint, and within the time allowed for filing responsive pleadings, Defendant filed with Liberty's counsel, but not with the Court, documents stating his responses to the Complaint ("Defendant's Responses"). Declaration of John Callahan, ¶8. Defendant was not represented by counsel. On January 18, 2013 Liberty filed Defendant's Responses with this Court. (Doc. #12-1) On January 21, 2013 Liberty filed a Request for Entry of Default. (Doc. #13) On January 22, 2013 the clerk of this Court filed an

Entry of Default. (Doc. #14)  On February 4, 2013 the undersigned counsel was retained by Defendant.  On February 5, 2013 Defendant's counsel contacted counsel of record for Liberty and requested his consent to an order setting aside the Entry of Default and providing Defendant 21 days to file responsive pleadings.  Liberty's counsel refused to so consent unless Defendant agreed to entry of the requested preliminary injunction.  A copy of the letter is attached hereto as Exhibit A.

This motion is governed by Federal Rules of Civil Procedure Rule 55(c) which states that the Court may set aside an entry of default for good cause.  "[A] court should ordinarily set [an entry of default] aside unless the movant either fails to present a reasonable excuse for his neglect or fails to show he has a meritorious defense to the merits of the action." Moran v. Mitchell, 354 F.Supp. 86, 87 (E.D.Va.1973). Generally the Court should set aside the default "where the moving party acts with reasonable promptness and alleges a meritorious defense." Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir.1967).  Other factors the Court may consider are "the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir.2006).

Defendant is elderly, has suffered three strokes, and is currently undergoing treatment for prostate cancer.  Defendant's medical condition has interfered with his ability to conduct his affairs. Declaration of John Callahan, ¶3.  Further, Defendant misunderstood the summons and believed that filing responses with Plaintiff's lawyer was all that was required. Declaration of John Callahan, ¶7.  This was confirmed by counsel for Plaintiff who told Defendant that Defendant's response should be sent to him, and did not tell him that he needed to file with the

Court or retain counsel. Declaration of John Callahan, ¶7. This motion is being filed within 16 days after the Entry of Default.

Further, there are meritorious defenses to this action, as shown by Defendant's Responses, including, but not limited to, questions regarding the validity Liberty's trademarks, validity of the franchise agreement alleged, and, assuming, *arguendo*, a valid franchise agreement, questions as to whether Defendant's sale of his business and subsequent conduct violated such agreement. Defendant will also be asserting various counterclaims against Liberty.

Although the complaint seeks injunctive relief as well as damages, there has been no request in this case for a temporary restraining order therefore there is no prejudice to Liberty by the Court's granting of this motion. Further, there is no prejudice to Plaintiff because Defendant has participated in the litigation, has filed his responses with counsel for Plaintiff prior to the Entry of Default. <u>Midland Engineering Co. v. John A. Hall Const. Co.</u>, 398 F.Supp. 981 (N.D.Ind.1975).

For these reasons, Defendant respectfully requests that this Honorable Court set aside the Entry of Default in this matter, allow Defendant twenty one (21) days to file responsive pleadings to the complaint and to the Motion for Preliminary Injunction, and provide such other relief as is necessary and appropriate.

                                              Respectfully submitted,
                                              JOHN CALLAHAN
                                              By Counsel

     /s/
Kara G. Jenkins, Esquire
Virginia Bar No. 75992
Counsel for Defendant John Callahan
KARA G. JENKINS LAW, P.C.
237 East Davis Street, Suite 200
Culpeper, VA 22701
Phone: (540) 825-7277
Fax:    (540) 825-7244
Email: kjenkins@kgjlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    David A. Lindley, Jr., Esquire
    1716 Corporate Landing Parkway
    Virginia Beach, VA 23454
    david.lindley@libtax.com

     /s/
Kara G. Jenkins, Esquire
Virginia Bar No. 75992
Counsel for Defendant John Callahan
KARA G. JENKINS LAW, P.C.
237 East Davis Street, Suite 200
Culpeper, VA 22701
Phone: (540) 825-7277
Fax:    (540) 825-7244
Email: kjenkins@kgjlaw.com